# MOODY v. COLBY.

---

PATENTS; MASTER AND SERVANT; IMPROVEMENTS.

An employer who conceived the general plan of an invention, and not the

employee whom he engaged to perfect it, is entitled to improvements ancillary to the preconceived plan, which the employee designed to realize the employer's conception.

No. 859. Patent Appeals. Submitted November 12, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Affirmed.*

The facts are stated in the opinion.

*Mr. Albert G. Davis, Mr. Alexander D. Lunt,* and *Mr. Charles McClair* for the appellant.

*Mr. Hervey S. Knight* for Mr. Edward A. Colby, the appellee, who also appeared *in propria persona.*

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The issue is as follows: "An electric furnace comprising an annular crucible, a core passing centrally through said crucible, and a primary winding divided into two parts, one inside of said crucible and the other outside thereof, said winding being tubular."

The parties to the interference occupied the relation of employer and employee. The sole question involved, therefore, is one of originality. Appellant, Walter S. Moody, during the time in question, was the engineer in charge of the transformer department of the General Electric Company. Appellee, Edward A. Colby, employed him, through the General Electric Company, to design an electric induction furnace which would attain certain results disclosed to him by appellee.

The tribunals of the Patent Office have all found in favor of appellee. It is unnecessary for us to even enter into a description of the invention, since the case falls clearly within that large class of decisions which hold that, where one employs

another to perfect the details of an invention of which the employer has conceived the general principle or plan, even though the employee, to realize his employer's conception, devises valuable improvements, so long as the improvements are ancillary to the plan and preconceived design of the employer, the improvements will belong to the employer, and not the employee.

The able opinion of the Assistant Commissioner is sufficiently convincing to enable us to adopt his statement of fact and conclusions of law as the correct disposition of this appeal. The decision of the Commissioner of Patents is therefore affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*

A motion for rehearing was overruled January 5, 1914.